```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

KOFIE AKIEM JONES,

      Petitioner,

v.                          Civil Action No. 1:12CV42
                            (Criminal Action No. 1:03CR47)
UNITED STATES OF AMERICA,                      (STAMP)

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Following a three-day jury trial, the petitioner, Kofie Akiem Jones, was found guilty of six criminal counts relating to his participation in an armed bank robbery. He was sentenced to mandatory terms of concurrent life imprisonment on all six counts as a three-strike offender pursuant to 18 U.S.C. § 3559(c)(1)(F). His two prior qualifying offenses were a second-degree assault conviction from December 6, 2001 and a robbery conviction from April 3, 2006. The petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed the judgment and sentence of this Court.

On February 6, 2006, the petitioner filed his first motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel, violations of due process, and actual innocence. The motion was denied by this Court, the petitioner appealed, and the Fourth Circuit dismissed the appeal.

On March 10, 2011, the petitioner's assault conviction was vacated by the State of Maryland. On April 26, 2011, the petitioner filed, pro se, a second motion to vacate, set aside, or correct his federal sentence pursuant to § 2255, claiming that resentencing was necessary because one of the prior convictions used to enhance his sentence had been vacated. The motion was denied in error by this Court on June 10, 2011 based upon the mistaken determination that it was second or successive.

On March 8, 2012, the petitioner filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to § 2255, reiterating the claim made in his 2011 habeas petition. On May 17, 2012, the respondent filed a response articulating its belief that the petitioner is entitled to the relief that he seeks.

This matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2255 application be granted and that this matter be scheduled for resentencing. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen (14) days after being served with copies of the report. Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

## III.  Discussion

In the instant § 2255 motion, the petitioner argues that he was sentenced as a three-strike offender under 18 U.S.C. § 3559(c)(1)(F) and, pursuant to 18 U.S.C. § 3559(c)(7), he is entitled to resentencing because one of his qualifying felony convictions was found to be unconstitutional and was vitiated explicitly based upon his innocence.  According to the petitioner, 18 U.S.C. § 3559(c)(7) entitles him to resentencing if "the conviction for a serious violent felony or serious drug offense that was a basis for sentencing under this subsection is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence."  The petitioner argues that his case fits these circumstances.  In its response, the United States agrees that the petitioner is entitled to be resentenced.

In his report and recommendation, the magistrate judge first addresses the timeliness of the petitioner's § 2255 motion, concluding that it was timely filed because it was filed within one year after the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). The magistrate judge found that the petitioner did exercise due diligence in seeking the vacatur of his assault conviction. Next, the magistrate judge turns to the question of whether the petitioner's instant § 2255 motion qualifies as a second or successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996. Although the petitioner has previously filed two habeas petitions, the magistrate judge determined that the instant petition is not second or successive. The 2006 petition alleged ineffective assistance of counsel, violations of due process, and actual innocence. The instant petition, however, alleges that the petitioner should be resentenced based on the vacatur of his 2001 assault conviction. With reference to the 2011 petition, the instant petition is not second or successive because the 2011 petition was not dismissed on the merits--it was incorrectly dismissed for being second or successive. Having reviewed the magistrate judge's report and recommendation for clear error, this Court agrees that the petitioner's § 2255 motion must be granted and that this matter should be scheduled for resentencing.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is GRANTED.  This matter shall be scheduled for resentencing by a separate order of this Court.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner, to counsel of record herein, to the United States Probation Office, and to the United States Marshals Service.

```
DATED:      June 25, 2012


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE
```